UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

MARVIN BERNADARDINO CUN CHITAY                                                          PETITIONER

V.                                                          CIVIL ACTION NO. 5:25-CV-113-DCB-ASH

PAM BONDI, ATTORNEY GENERAL OF THE UNITED                                  RESPONDENTS
STATES; ET AL.

ORDER

On January 22, 2026, the undersigned entered a Report and Recommendation recommending that the Court grant in part Petitioner Marvin Bernadarino Cun Chitay's 28 U.S.C. § 2241 habeas petition. While Cun Chitay's Petition raised arguments addressing Respondents' interpretation of the applicable statutes and asserting due-process violations, the undersigned's recommendation addressed only the statutory-interpretation argument. On February 6, 2026, a panel of the United States Court of Appeals for the Fifth Circuit filed a published opinion addressing the statutory-interpretation question and reaching the opposite conclusion of the undersigned's recommendation. *See Buenrostro-Mendez v. Bondi*, Nos. 25-20496 & 25-40701, 2026 WL 323330 (5th Cir. Feb. 6, 2026). The Fifth Circuit's mandate has not issued, and, according to the publicly available docket, on February 20, 2026, the petitioners filed a motion seeking an extension of time, until April 7, 2026, move for rehearing.

While the panel's decision in *Buenrostro-Mendez* is not final, *see Comer v. Murphy Oil USA, Inc.*, 718 F.3d 460, 467–68 (5th Cir. 2013), should it become final, the undersigned's Report and Recommendation must be withdrawn. The undersigned would then need to consider Petitioner's due-process argument, and that issue is underdeveloped on the current briefs. The Court therefore directs the parties to file supplemental briefs addressing (1) the procedural posture, *i.e.*, whether the undersigned may and/or should await the issuance of the mandate to

withdraw the Report and Recommendation, and (2) the due-process issue. Petitioner's supplemental brief shall be filed on or before March 10, 2026; Respondents shall file a supplemental response on or before March 24, 2026[1]; Petitioner may file a supplemental reply on or before March 31, 2026.

**SO ORDERED AND ADJUDGED** this the 23rd day of February, 2026.

s/ *Andrew S. Harris*  
UNITED STATES MAGISTRATE JUDGE

---

[1] In particular, on the due-process point, Respondents' brief should address the *Mathews* factors or explain why they do not apply in this procedural context. *See Mathews v. Eldridge*, 424 U.S. 319 (1976).